UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| In re: | Case No. 1:05-CV-540 |
| TONI F. NATALIE | *Case No. 99-16195*<br>Chapter 7 |
| Debtor. | Adversary Proceeding No.<br>04-90007 |

_____

KRISTIN KEEFE,

                Plaintiff-Creditor-Appellant

  -against-

TONI F. NATALIE,

                Defendant-Debtor-Appellee
_____

## APPELLEE BRIEF OF TONI F. NATALIE

Christian H. Dribusch (507021)
The Patroon Building
Five Clinton Square
Albany, NY 12207

*Attorney for: Toni F. Natalie*

TABLE OF CONTENTS

TABLE OF AUTHORITIES 3

PRELIMINARY STATEMENT 4

ISSUE PRESENTED 4

STATEMENT OF THE CASE 4

ARGUMENT

THE BANKRUPTCY COURT PROPERLY GRANTED NATALIE
SUMMARY JUDGMENT DISMISSING KEEFE'S BANKRUPTCY CODE
727(d)(2) CAUSE OF ACTION TO REVOKE DISCHARGE BASED
UPON KEEFE'S FAILURE TO SUBMIT SUFFICIENT PROOF. 6

CONCLUSION 10

TABLE OF AUTHORITIES

<u>CASES</u>

*In re: Bennett Funding Group*, 336 F.3d 94 (2nd Cir. 2003)     7

*In re: Bodenstein*, 168 B.R. 23 (Bankr. E.D.N.Y.)     7

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).     7

*In re: Gollump* 198 B.R. 433 440 (S.D.N.Y. 1996)     9

*Grogan v. Garner*, 498 U.S. 279 (1991)     7

<u>STATUES</u>

11 U.S. C. §341     4

11 U.S.C. §541     7

11 U.S.C. §727     4

<u>RULES</u>

Federal Rule of Bankruptcy Procedure Rule 2004     5

Federal Rule of Bankruptcy Procedure Rule 7056     4

Federal Rule of Civil Procedure Rule 56     4

**PRELIMINARY STATEMENT**

Defendant-Debtor-Appellee Toni F. Natalie ("Natalie"), by her attorney, Christian H. Dribusch, Esq., submits this brief in response to the Appellant Brief appealing the March 29, 2005 Memorandum-Decision and Order of the Bankruptcy Court ("Memorandum-Decision and Order"), granting the summary judgment motion of Natalie and dismissing Plaintiff-Creditor-Appellant Kristin Keefe's ("Keefe") adversary complaint in the above-captioned proceeding.

The Bankruptcy Court for the Northern District of New York ("Bankruptcy Court") with the Honorable Robert E. Littlefield, Jr. presiding found, among other things, that Keefe failed to sustain her burden of proof that Natalie *knowingly* and *fraudulently* (1) acquired; or (2) became entitled to acquire; or (3) failed to deliver or surrender, her interest in Blue Crystal, LLC to the chapter 7 trustee.

**ISSUE PRESENTED**

Whether the Bankruptcy Court properly concluded that Keefe failed to sustain her burden of proof pursuant to Bankruptcy Code §727(d)(2) that Natalie *knowingly* and *fraudulently* (1) acquired; (2) became entitled to acquire; or (3) failed to deliver or surrender, her interest in Blue Crystal, LLC.

**STATEMENT OF THE CASE**

Natalie filed a voluntary petition for relief under the provisions of Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") on October 27, 1999. Gregory G. Harris was appointed chapter 7 trustee by the Office of the United States Trustee, a component of the United States Department of Justice.

Trustee Harris conducted Natalie's meeting of creditors scheduled on December 13, 1999 in accordance with §341 of the Bankruptcy Code. Keefe attended the meeting of creditors and

was provided an opportunity to ask Natalie questions. Subsequent to the §341 meeting, Keefe attended the examination of Natalie pursuant to Federal Rule of Bankruptcy Procedure ("Fed. R. Bank. Pro.") Rule 2004 on April 24, 2000 as an "assistant" to Nancy Salzman. Keefe also attended the examination of Natalie pursuant to Fed. R. Bank. Pro. Rule 2004 on November 15, 2000. Finally, Keefe participated as a "private investigator" for Mr. Raniere in his adversary proceeding seeking to deny Natalie's discharge.

This adversary proceeding is the fourth adversary proceeding commenced by the Raniere, Salzman, Keefe group seeking to deny or revoke Natalie's discharge.

Keefe does not dispute that Natalie provided all documentation requested by the Chapter 7 trustee or any other party in the bankruptcy proceeding concerning Natlie's interest in Blue Crystal, LLC. Natalie Affidavit ¶9. Keefe does not dispute that Natalie's counsel provided the Raniere, Salzman, Keefe group with thirty-three (33) banker boxes of materials including Blue Crystal, LLC documents as part of the three (3) other adversary proceedings. Rudin Affidavit ¶20. Keefe does not dispute that attorney Cangelos-Ruiz and attorney Trainor asked questions of Natalie concerning Blue Crystal, LLC at the second 2004 examination of Natalie conducted on November 15, 2000. Rudin Affidavit ¶24-27. Keefe does not dispute that Natalie's counsel provided the Raniers, Salzman, Keefe group with the organizational documents of Blue Crystal, LLC by letter dated November 30, 2001. Dribusch ¶27. Keefe does not dispute that counsel for Natalie provided the Raniere, Stalzman, Keefe group with the tax warrants and other documents which appear to be so integral to Keefe's current argument.   Dribusch ¶27-28.

Despite extensive document production and three (3) separate opportunities to examine Natalie under oath about Blue Crystal, LLC Keefe's response to Natalie's summary judgment motion provides no proof that Natalie (1) acquired; or (2) became entitled to acquire; or (3)

failed to surrender her membership interest in Blue Crystal, LLC or any "profits" or "proceeds" of her interest in Blue Crystal, LLC to Trustee Harris post-petition. Keefe submits no proof that "profits" or "proceeds" of Blue Crystal, LLC even existed post-petition or that Natalie received any "proceeds" or "profits" or any other distributions as a result of Natalie's membership interest in Blue Crystal, LLC.

Assuming, *arguendo*, that Natalie received profits, proceeds or distributions post-petition, Keefe submits no proof that the Blue Crystal, LLC documents, "profits," or "proceeds" to which Natalie may have been entitled post-petition were not surrendered to Trustee Harris.

The record also lacks any evidence to support Keefe's argument that Natalie *knowingly* and *fraudulently* (1) acquired; (2) became entitled to acquire; or (3) failed to surrender her interest in Blue Crystal, LLC or any proceeds or profits derived from her membership interest in Blue Crystal, LLC.

Absent proof to sustain her prima facie cause of action, the Bankruptcy Court properly granted Natalie's summary judgment motion.

## ARGUMENT

### THE BANKRUPTCY COURT PROPERLY GRANTED NATALIE SUMMARY JUDGMENT DISMISSING KEEFE'S BANKRUPTCY CODE 727(d)(2) CAUSE OF ACTION TO REVOKE DISCHARGE BASED UPON KEEFE'S FAILURE TO SUBMIT SUFFICIENT PROOF.

Keefe failed to submit proof required under Fed. R. Bank. Pro. Rule 7056 which incorporates Federal Rule of Civil Procedure ("Fed. R. Civ. Pro.") Rule 56 to sustain her cause of action seeking to revoke the discharge of Natalie pursuant to Bankruptcy Code §727(d)(2).

"In deciding that summary judgment is appropriate, the Court must determine that there is no genuine issue of material fact, taking the pleadings, depositions, answers to interrogatories

6

and admissions on file, together with any firsthand information including but not limited to affidavits." *In re: Bennett Funding Group*, 336 F.3d 94, 99 (2nd Cir. 2003).

Once a prima facie showing is made that there is no genuine issue of material fact or that there is no evidence to support the non-moving party's case, then the burden shifts to the non-moving party to designate "specific facts showing there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The formulation of the proof is governed by Fed. R. Civ. Pro. 56(e) which provides:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Natalie submitted the affidavits of Michael Rudin, David DeForte, and herself as well as the pleading of Christian H. Dribusch, Esq. in support of her motion for summary judgment evidencing that there was no genuine issue of material fact and that she was entitled to the relief requested.  Accordingly, Keefe, as the plaintiff, had the burden of persuasion to lay bare her proof in accordance with Fed. R. Civ. Pr. Rule 56. It is the objectant who bears the ultimate burden of persuasion regarding the essential elements of the alleged objection.  See, *In re: Bodenstein*, 168 B.R. 23, 28 (Bankr. E.D.N.Y.).  The elements must be proven by a preponderance of the evidence. See, *Grogan v. Garner*, 498 U.S. 279, 287 (1991).

Unable to lay a foundation and submit evidence to support her cause of action Keefe seeks to divert the burden to persuasion to Natalie with the blanket assertion that Natalie failed to turn over to Trustee Harris property of the bankruptcy estate.

Relying on her blanker assertion, Keefe's appeal theorizes that since debtor's "shall surrender to the trustee all property of the estate" and Natalie did not allegedly turn over to Trustee Harris her membership interest in the Blue Crystal, LLC, Natalie's discharge should be revoked. Keefe's argument is without merit. First, Keefe provides no proof that Natalie received any post-petition property which needed to be turned over the Trustee Harris. Second, the application of Keefe's theory is not pragmatic. The concept of "property of the estate" is broad under Bankruptcy Code §541. Even property which is exempt is property of the estate. Applying Keefe's legal theory, all debtors should turn over to their Chapter 7 Trustee all automobiles, wearing apparel, household furnishings, medicine, food, pets, and any other items of personal property as well as real property which are property of the bankruptcy estate. Accordingly, a Chapter 7 Trustee, who may receive up to one hundred (100) cases per month, should expect to receive and store many truckloads of personal property from debtors only to abandon them because they are exempt, secured, inconsequential, burdensome to administer, etc.. According to Keefe's analysis, upon filing for Chapter 7 relief, the unfortunate debtor would be without clothes, shelter, furniture, utensils, food, medicine or transportation as all of it shall be turned over to the chapter 7 trustee because it is property of the estate.

Judge Littlefield's approach to the turn over of property of the estate applies common sense and is the routine practice in the Northern District of New York. The obligation to turn over property of the estate is limited to property which the Chapter 7 Trustee intends to

administer for the benefit of the bankruptcy estate.   Keefe submits no proof that Natalie did not turn over the documents in her possession to Trustee Harris.

The testimony of Trustee Harris is that Nancy Salzman, part of the Ranier-Salzman-Keefe group, made an offer to purchase the bankruptcy estate's interest in the business entities listed in Natalie's bankruptcy petition, including Blue Crystal, LLC, for $5,000.00.   Trustee Harris made numerous attempts to consummate a transaction but Salzman backed out.   It is persuasive that Keefe has not provided an affidavit of Trustee Harris demonstrating that Natalie has failed to cooperate or otherwise turn over the Blue Crystal, LLC membership interest or any proceeds or profits derived from Blue Crystal, LLC to him as the appointed fiduciary of the bankruptcy estate.

Assuming, *arguendo*, that Natalie did not turn over property of the bankruptcy estate to Trustee Harris for case administration, Keefe submits no proof which could support a finding that Natalie's failure to do so was knowingly and fraudulently rather than out of confusion.  Since a debtor is unlikely to admit that he acted fraudulently, the law provides that fraud may be inferred from the facts and circumstances of the case. *In re: Gollump* 198 B.R. 433 440 (S.D.N.Y. 1996).   In discerning the debtor's true intent, a court may look to whether the following "badges of fraud" are present:

(1) lack of adequacy of consideration;
(2) a family friendship or close relationship between the parties;
(3) the retention of position, benefit or use of the property in question;
(4) the financial condition of the party sought to be charged both before and after the transaction in question;
(5) the cumulative effect of a pattern or series of transactions or course of conduct after incurring debt, onset of financial difficulties, or pendency of threat of suit by creditors; and
(6) the general chronology of events and transactions under inquiry.

Keefe submitted no proof evidencing Natalie's fraudulent intent. Accordingly, it was proper for the Bankruptcy Court to conclude that Keefe failed to sustain her burden of proof.

## **CONCLUSION**

For the reasons discussed, the Bankruptcy Court's Memorandum-Decision and Order should be affirmed.

Dated:  September 19, 2005

>Respectfully submitted,
>
>/s/ Christian H. Dribusch
>Christian H. Dribusch
>The Patroon Building
>Five Clinton Square
>Albany, NY 12207