UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KRISTIN KEEFFE,

                    Plaintiff-Creditor-Appellant,

        -against-                                    1:05-CV-540
                                                        (LEK)


TONI F. NATALIE.

                    Defendant-Debtor-Appellee.

_____

**MEMORANDUM-DECISION AND ORDER**[1]

      Kristin Keeffe ("Creditor" or "Appellant") appeals from an Order of the United States

Bankruptcy Court for the Northern District of New York (*Littlefield, B.J.*) entered March 29,

2005, granting a motion for summary judgment filed by Toni F. Natalie ("Debtor" or

"Appellee").  Notice of Appeal (Dkt. No. 1).  Creditor asserts that the Bankruptcy Court

committed an error of law in its reading of 11 U.S.C. § 727(d)(2) with regard to one of Creditor's

three original claims.  Creditor asserts that 11 U.S.C. § 727(d)(2) only requires a creditor to

prove fraud in order to cause a debtor's discharge from bankruptcy to be revoked and does not

require a creditor to prove an absence or lack of knowledge of the fraud prior to the discharge.

Appellant's Brief (Dkt. No. 14).  This Court has jurisdiction pursuant to 28 U.S.C. § 158(a).  See

In re Litas Int'l, Inc., 316 F.3d 113, 116 (2d Cir. 2003); Fᴇᴅ. R. Bᴀɴᴋʀ. P. 8001(a).  For the

following reasons, the Bankruptcy Court's ruling is affirmed.

_____

[1] For printed publication by the Federal Reporters.

## I.   BACKGROUND

Debtor filed a bankruptcy petition pursuant to Title 11, Chapter 7, of the United States Code on October 27, 1999.  Bankruptcy Court Order (Dkt. No. 1, Attach. 2).  In Schedule B of her petition, Debtor reported a 25% ownership interest in Blue Crystal LLC ("Blue Crystal"). Designation of Record on Appeal (Dkt. No. 3, Ex. D).  At a December 13, 1999 meeting of the creditors, Debtor testified that Blue Crystal was not in operation and that Blue Crystal did not own any assets.  Designation of Record on Appeal (Dkt No. 3, Ex. E).  On or about January 7, 2003, Debtor was discharged from bankruptcy.  Bankruptcy Court Order (Dkt. No. 1, Attach. 2). On or about January 7, 2004, Creditor filed a Complaint in Bankruptcy Court seeking to revoke the discharge.  Id.  On May 5, 2004, Creditor filed an Amended Complaint asserting three causes of action predicated on 11 U.S.C. § 727(d)(1) & (d)(2).  Id.  Creditor alleged that Debtor misrepresented her interest in Blue Crystal and fraudulently attained a discharge from bankruptcy.  Appellant's Brief (Dkt. No. 14).  Attached to the Amended Complaint as an exhibit was a June 1, 1998 document of Blue Crystal resolutions made pursuant to section 407 of New York's Limited Liability Company Law, which reveals that Debtor was the sole member of Blue Crystal.  Designation of Record on Appeal (Dkt. No. 3, Ex. I).  Accordingly, Debtor owned a 100% interest in Blue Crystal at the time she filed her petition.  Moreover, according to many New York State tax warrants and an Internal Revenue Service tax lien, Blue Crystal was operating at a profit immediately before and after the time Debtor testified that Blue Crystal's operation had ceased.  Designation of Record on Appeal (Dkt. No. 3, Ex. J).  However, except for one tax warrant that was dated September 2003, the other warrants and the lien were dated 2000 or 2001, a period prior to Debtor's discharge from bankruptcy.  Bankruptcy Court Order

(Dkt. No. 1, Attach. 2).

On or about October 19, 2004, Debtor moved for summary judgment on the grounds that: (1) Creditor had nearly forty-nine months from the time of the creditors meeting to resolve any issue with regard to Debtor's ownership of Blue Crystal, and (2) that many of the exhibits Creditor attached to her complaint were in Creditor's possession nearly one year before Debtor was discharged from bankruptcy. Bankruptcy Court Order (Dkt. No. 1, Attach. 2). The Bankruptcy Court determined that Creditor did not state either when she came into possession of the documents or why the tax information was not discoverable while the estate was still in bankruptcy. Id. In consequence, Debtor's motion for summary judgment was granted by Bankruptcy Judge Littlefield.

## II.    DISCUSSION

A. Standard of Review

On appeal, this Court reviews grant or denial of summary judgment by the Bankruptcy Court *de novo*. See In re Baumblit, 251 B.R. 442, 443 (E.D.N.Y. 2000) (citing In re Omni Mut., Inc., 193 B.R. 678, 680 (S.D.N.Y 1996); Taggart v. Time, Inc., 924 F.2d 43, 45-46 (2d Cir. 1991)). The moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). See also Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Oxley v. City of New York, 923 F.2d 22, 24 (2d Cir. 1991). Federal Rule of Civil Procedure 56 is applicable to adversary proceedings in Bankruptcy Court. See FED. R. BANKR. P. 7056. The moving party must "make a prima facie showing that it is entitled to summary

3

judgment." <u>Celotex</u>, 477 U.S. at 331 (citation omitted).  In deciding if summary judgment is

proper, the court must resolve all ambiguities and draw all justifiable inferences in favor of the

non-moving party.  <u>Derienzo v. Metro. Transp. Auth.</u>, No. 01 Civ. 8138 (PKL), 2005 WL

3434687, at *5 (S.D.N.Y. Dec. 13, 2005); <u>Bennett v. Mfrs. & Traders</u>, No. 599CV827, 2005 WL

2896962, at *4 (N.D.N.Y. Nov. 2, 2005) (Munson, S.D.J.).

B. Revocation of a Discharge

Revocation of a discharge in bankruptcy is an extraordinary remedy.  <u>See</u> <u>In re Bowman</u>,

173 B.R. 922, 924 (B.A.P. 9th Cir. 1994). "[R]evocation of discharge is construed liberally in

favor of the debtor and strictly against those objecting to discharge."  <u>Id.</u>  <u>See also</u> <u>In re Reese</u>,

203 B.R. 425, 430 (Bankr. N.D. Ill. 1997).  Moreover, the party seeking to revoke the discharge

bears the burden of proof.  <u>In re Puente</u>, 49 B.R. 966, 968 (Bankr. W.D.N.Y. 1985) (citing, *inter*

*alia,* <u>In re Popovich</u>, 105 F.2d 154, 155 (2d Cir. 1939)).  This Court applies the preponderance of

the evidence standard.  <u>See</u> <u>In re Bowman</u>, 173 B.R. at 925.  <u>See also</u> <u>In re Colish</u>, 289 B.R. 523,

536 (Bankr. E.D.N.Y. 2002).

The grounds for revocation set forth in 11 U.S.C. § 727(d)(1) & (d)(2) are as follows:

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if--(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge; (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee;....

Section (d)(1) requires a creditor to prove that he was unaware of the fraud prior to discharge,

while section (d)(2) does not expressly state such.  Nevertheless, courts have read this

4

requirement into section (d)(2).  See In re Puente, 49 B.R. at 969 (citing In re Lyons, 23 B.R. 123, 126 (Bankr. E.D. Va. 1982)).  See also In re Reese, 203 B.R. at 430-32 (citing In re Dietz, 914 F.2d 161, 163 (9th Cir. 1990); In re Couch, 54 B.R. 682, 685 (Bankr. E.D. Ark. 1985)).  "[I]f the plaintiff  possesses the information when an objection can be raised prior to a discharge, and does not act on it, the plaintiff cannot later seek a revocation of that discharge pursuant to Code § 727(d)(2)."  In re Conz, Case No. 97-60429, 2000 Bankr. LEXIS 1570, at *9-*10 (Bankr. N.D.N.Y. 2000) (Gerling, C.J.).  See also In re Puente, 49 B.R. at 969.  In order for a plaintiff or creditor to succeed in an action for revocation of discharge, he must meet his duty to investigate any possible fraud before the discharge is given, when the possibility of fraud is reasonably suspected.  In re Cochard, 177 B.R. 639, 643 (Bankr. E.D. Mo. 1995) ("The creditor need not have had actual knowledge of the alleged fraud prior to the discharge hearing . . . [i]f the creditor so much as could have known of the alleged fraud, [the creditor has] an affirmative duty to investigate before the discharge is granted . . . ").

Assuming, *arguendo*, that Appellant has met her burden to show Debtor fraudulently did not report her ownership interests in Blue Crystal, revocation of the discharge is nevertheless improper because Appellant has not demonstrated by a preponderance of the evidence that she became knowledgeable of Debtor's fraud only after Debtor's discharge from bankruptcy.

## III.    CONCLUSION

The Bankruptcy Court did not commit an error of law as argued by Appellant. Accordingly, it is hereby

**ORDERED,** that the March 29, 2005 Order of the United States Bankruptcy Court for the Northern District of New York (Dkt. No. 1, Attach. 2) is **AFFIRMED IN ITS ENTIRETY**;

and it is further

      **ORDERED,** that the Clerk of the Court shall serve copies of this order by regular mail

upon the parties to this action.

      **IT IS SO ORDERED**.

DATED:      January 06, 2006
                Albany, New York

                              Lawrence E. Kahn
                              U.S. District Judge